
Case 11-02656 Filed 02/11/13 Doc 141



***POSTED ON WEBSITE***
***NOT FOR PUBLICATION***

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>MARK CAMERON SCOTT,<br><br>           Debtor. | Case No. 11-35381-D-7 |
| ZURICH AMERICAN INSURANCE COMPANY, et al.,<br><br>           Plaintiffs,<br><br>v.<br><br>MARK CAMERON SCOTT,<br><br>           Defendant. | Adv. Pro. No. 11-2656-D |
| In re:<br><br>ROBERT GRAY SCOTT and<br>TERESA SCOTT,<br><br>           Debtors. | Case No. 11-36226-D-7 |
| ZURICH AMERICAN INSURANCE COMPANY, et al.,<br><br>           Plaintiffs,<br><br>v.<br><br>ROBERT GRAY SCOTT,<br><br>           Defendant. | Adv. Pro. No. 11-2662-D |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

/ / /

**MEMORANDUM DECISION**

On or about January 8, 2013, plaintiffs Zurich American Insurance Company, et al. (collectively "Zurich"), submitted a proposed judgment on the court's order granting Zurich's motion for summary judgment in part (the "proposed judgment"). On January 10, 2013, defendants Mark C. Scott and Robert Gray Scott (the "defendants") filed an Objection to Proposed Judgment and Request for Hearing (the "Objection"), contending (1) that the defendants' pending appeal has divested this court of jurisdiction to enter the proposed judgment; (2) that Zurich is not entitled to pre-judgment interest; and (3) that the date for the accrual of pre-judgment interest, as stated in the proposed judgment, is arbitrary and without basis in the evidence. On January 16, 2013, Zurich filed opposition to the Objection. Having considered all of these, the court will sustain the Objection in part and enter a revised judgment. The court declines both parties' requests for a further briefing schedule and hearing.

I. JURISDICTION TO ENTER THE JUDGMENT

The defendants base their jurisdiction argument on the rule that "the filing of a notice of appeal from the final judgment of a trial court divests the trial court of jurisdiction and confers jurisdiction upon the appellate court." In re Transtexas Gas Corp. v. TransTexas Gas, 303 F.3d 571, 578-79 (5th Cir. 2002). However, in this case, the order the defendants have appealed from is not a final order, and thus, the rule does not apply.

On November 15, 2012, this court entered the following minute order on Zurich's motion for summary judgment:

> IT IS ORDERED that the motion is granted in part, and judgment will be entered in favor of the plaintiff and against the defendants, jointly and severally, in the amount of $898,402.94, which judgment will be nondischargeable pursuant to 11 U.S.C. § 523(a)(4). Counsel for the plaintiff shall submit a judgment consistent with the court's ruling.

The minute order is clearly not a final order, as it merely announced that judgment would be entered in Zurich's favor, and announced the terms on which judgment would be entered. The minute order expressly contemplated that a judgment would be submitted by Zurich's counsel. Nevertheless, on November 28, 2012, the defendants filed a notice of appeal from "the judgment, order, or decree of the bankruptcy judge granting in part Plaintiff's motion for summary judgment . . . ." The notice of appeal was filed before Zurich's counsel had submitted a proposed judgment, as called for by the minute order, and before the court had entered a judgment.

In these circumstances, Fed. R. Bankr. P. 8002(a) has come into play, which provides that "[a] notice of appeal filed after the announcement of a decision or order but before entry of the judgment, order, or decree shall be treated as filed after such entry and on the day thereof." The rule that the filing of a notice of appeal from a final order or judgment divests the trial court of jurisdiction is not in play here, because this court has not entered a final order or judgment.

## II. RIGHT TO PRE-JUDGMENT INTEREST

Next, the defendants contend the damages in this case were not certain or capable of being made certain by calculation, and thus, that Zurich is not entitled to the pre-judgment interest it has included in the proposed judgment. Zurich, on the other

hand, contends it is entitled to such interest pursuant to Cal. Civ. Code § 3287(a), which provides:

> Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt.

This provision is intended to compensate the plaintiff for loss of use of the funds awarded by the judgment during the pre-judgment period. Howard v. American National Fire Ins. Co., 187 Cal. App. 4th 498, 535 (2010), citing Lakin v. Watkins Associated Industries, 6 Cal. 4th 644, 663 (1993). "Courts generally apply a liberal construction in determining whether a claim is certain, or liquidated. The test for determining certainty under section 3287(a) is whether the defendant knew the amount of damages owed to the claimant or could have computed that amount from reasonably available information." Howard, 187 Cal. App. 4th at 535, citing Chesapeake Industries, Inc. v. Togova Enterprises, Inc., 149 Cal. App. 3d 901, 907 (1983).

That a defendant disputes liability on the claim does not defeat the plaintiff's right to pre-judgment interest. Howard, 187 Cal. App. 4th at 535, citing Boehm & Associates v. Workers' Comp. Appeals Bd., 76 Cal. App. 4th 513, 517 (1999). "Moreover, only the claimant's damages themselves must be certain. Damages are not made uncertain by the existence of unliquidated counterclaims or offsets interposed by the defendant." Howard, 187 Cal. App. 4th at 536, citing Chesapeake Industries, 149 Cal. App. 3d at 907.

/ / /

The test for determining the certainty of damages was illuminated in <u>Esgro Cent., Inc. v. General Ins. Co.</u>, 20 Cal. App. 3d 1054 (1971), in which the trial court had denied pre-judgment interest on damages awarded under a fire insurance policy and a business interruption insurance policy. On appeal, the court reversed as to the damages under the fire insurance policy, finding that the parties' disputes as to the value of the property destroyed (and hence, the plaintiff's damages) were minor. <u>Id.</u> at 1061. On the other hand, the court affirmed the denial of interest on the damages under the business interruption policy, because the computation of those damages required "a judicial determination to be made from conflicting evidence." <u>Id.</u> at 1063.

> The extent of business interruption loss depended upon a projection of appellants' earnings based upon past experience, a fact that may or may not have been determinable from past data, and upon a determination of the permissible duration of the interruption of business, a fact which most certainly was not readily determinable on the facts here present. The jury, on conflicting evidence, was required to ascertain what period of interruption was appropriate in view of two factors: the obligation of due diligence imposed by the policy upon appellants; and the provisions of the policy excusing appellants from the effects of unduly prolonged business interruption caused by others interested in the building over whom they had no control.

<u>Id.</u>

In <u>General Ins. Co. v. Commerce Hyatt House</u>, 5 Cal. App. 3d 460 (1970), the court affirmed an award of pre-judgment interest on amounts due to a building contractor for extra work, from the date the contractor provided an itemized accounting to the defendant, 5 Cal. App. 3d at 473-75, where "the only substantial matter in dispute was the amount to which [the defendants] were

entitled by way of setoff." Id. at 475. However, in Conderback, Inc. v. Standard Oil Co., 239 Cal. App. 2d 664, 690-91 (1966), pre-judgment interest was denied where there was "no single contractual document in which the sum due or the means of calculating it [were] clearly provided for. Indeed, according to plaintiff's theory, compensation [was] predicated on an 'open ended' purchase order involving application of a pricing formula and negotiations between the parties, all in accordance with a prior course of dealing." And in Block v. Laboratory Procedures, Inc., 8 Cal. App. 3d 1042, 1046 (1970), the court denied pre-judgment interest because, although the calculation of damages depended on the market value of a company's stock, there was no evidence of an established market for that stock.

    The computation of damages in this case was essentially a mathematical exercise, not requiring factual findings on subjective questions like projections of lost earnings, pricing formulas, or market value of a company's shares. Thus, in the court's view, the amount of Zurich's damages was calculable from reasonably available information.

    The defendants' argument is that "the damages figure of $898,402.94 was determined only after conflicting evidence was reviewed by the court and the court chose a figure which both parties disagreed with." Objection, 4:24-26. In fact, that figure, down to the penny, comes from a letter written by the defendants' counsel to Zurich's counsel in which he stated that "Trans Cal [the defendants' company] has recomputed their balance due according to the figures submitted with your recent letter. Their calculations show a balance due in the amount of

$898,402.94 which they will agree is the debt owed to Zurich." Appendix of Exhibits in Support of Plaintiffs' Motion for Summary Judgment, filed Aug. 1, 2012, Ex. A, p. 56.

The court acknowledges that the defendants withdrew that figure at some point during the two and one-half years after the letter was written and before the court heard Zurich's motion for summary judgment, and also acknowledges that "a theme of the court's [ruling] was the uncertainty as to the damages figure." Objection, 5:2-3.

What the court's ruling made clear and the defendants overlook, however, is that the uncertainty as to the amount of the damages was caused by the defendants, who failed to offer any figure of their own as the amount due, despite the fact that Zurich's claim was for insurance premiums collected by the defendants and withheld from Zurich. The defendants failed to offer any documentation of their own until after the evidentiary record on Zurich's summary judgment motion had closed, when the defendants suddenly came up with copies of the front sides of some 200 checks. They offered those copies with the conclusory statement that the amounts of the checks should be credited against any balance due Zurich, but with no admissible evidence as to whether the checks had actually been negotiated or how they tied in with the debt to Zurich. Further, short of accepting the defendants' unsupported conclusion, there was no way for the court to determine that those amounts had not already been accounted for in the accounting produced by Zurich.

Although the defendants persisted in claiming that Zurich would have the most complete records, and that Zurich had failed

1  to turn over those records to the defendants, the defendants made
2  no attempt to obtain those records through discovery. Further,
3  they never denied that they themselves had records from which the
4  amount of the claim might be ascertained; that they in fact had
5  such records seems clear from their belated production of the 200
6  checks. In short, the court has no reason to believe the
7  defendants did not know and could not have determined, from
8  reasonably available information, the precise amount due Zurich
9  on account of insurance premiums the defendants collected and
10 failed to turn over. That they failed to make any attempt to
11 ascertain that amount, either from their own records or from
12 Zurich's, for more than two and one-half years should not accrue
13 in their favor.

   III.   ACCRUAL DATE FOR PRE-JUDGMENT INTEREST

15      Finally, the defendants contend the date used by Zurich in
16 the proposed judgment, January 1, 2010, as the accrual date for
17 pre-judgment interest is arbitrary and without foundation in the
18 evidence. Zurich has not addressed this issue in its opposition.
19      It is not disputed that the parties terminated their
20 business relationship effective December 31, 2009. On March 5,
21 2010, Zurich provided an accounting to the defendants' attorney
22 of the amounts Zurich claimed were due. On March 15, 2010, the
23 defendants' attorney wrote the letter described above in which he
24 stated that Trans Cal had recomputed the figures and come up with
25 a balance due of $898,402.94. Although the defendants later
26 asserted they were entitled to various setoffs and credits
27 against that amount, they never demonstrated by admissible
28 evidence the amounts of those setoffs and credits, and failed to

seek additional records from Zurich by way of discovery. The court finds that March 15, 2010, the date on which the defendants' counsel acknowledged the amount of the debt to be the amount this court ultimately determined is due, was the date on which the amount of Zurich's damages was certain or readily calculable by the defendants; pre-judgment interest will run from that date.

    For the reasons stated, the court overrules the Objection except as to the date of accrual of pre-judgment interest. The court will issue an appropriate order and judgment.

Dated: Feb. 11, 2013

_Robert Bardwil_
ROBERT S. BARDWIL
United States Bankruptcy Judge